SAMUEL PARKER & *al. versus* DANIEL C. EMERY.

Where on motion of the defendant, it was ordered that the plaintiff should file a bill of particulars or specification of his claim, and the bill filed was merely thus: — " To bill for cutting and hauling logs on Brassua in winter of 1841 and 1842, $3248,65" with credits reducing the amount to $810,65, *it was held,* that if objection had been taken at the trial, the plaintiff could not have recovered upon money counts, but *that* as no such objection was made on the offering of evidence pertinent only under those counts, the defendant must be considered as having assented thereto.

If the plaintiff declares only upon an implied contract for services perform-ed, and the proof is, that they were performed under a special contract and for a person other than the defendant, who had no connection with the transactions until long afterwards, the plaintiff cannot recover by proof of a promise by the defendant to pay such debt. To recover upon such evidence, there should have been a count upon the promise to pay the debt of the other person.

ASSUMPSIT. The writ contained two counts, one for money had and received, and the other on an account annexed, of which a copy follows : —

" Daniel C. Emery to Samuel Parker and Maximilian J. Webb, Dr. — To balance due for cutting and hauling logs on Brassua in winter of 1841 and 1842, $1000,00."

On motion of the counsel for the defendant, the Court ordered a " bill of particulars to be filed," and thereupon the following was filed by the plaintiff : —

" Daniel C. Emery to Samuel Parker and M. J. Webb, Dr. To bill for cutting and hauling logs on Brassua
    in winter of 1841 and 1842,            $3248,65
                Contra Cr.
Rec'd on the same 1843, July 9,    $600,00,
   ."              " August 16,  1676,00,
   "              " Oct. 24,    162,00,    2438,00
                                      810,65"

No other bill of particulars or specifications was in the case.

After all the evidence of the respective parties had been introduced, by consent of parties : — " The case was taken from the jury, and the Court are to enter such judgment as the facts proved, by legal evidence or that are not objected to, shall

legally require, and the same inferences may be drawn from the evidence, which a jury would be authorized to make."

The facts considered by the Court to be proved, and thought to be material, are found in the opinion.

The case, both as to the facts and the law, was argued in writing.

*Leavitt*, for the plaintiffs, said that the plaintiffs claim to recover on the following grounds : —

1. That the defendant assumed the place and liability of Irish under the contract, took complete possession and control of the lumber after it came to market, induced the plaintiffs to relinquish their lien upon it, by promising to pay them for cutting and hauling, and converted it to his own use.

2. That the defendant has received a large amount of money from the sales of logs, and articles manufactured from them, which is now in his hands, and which in equity and good conscience belongs to the plaintiffs to the amount of their claim.

3. That he has in writing promised the plaintiffs to pay them the balance due for cutting and hauling the logs under the contract with Irish.

The counsel argued in support of each of these propositions.

*J. S. Abbott*, for the defendant, said that the claim set forth in the bill of particulars was the only one, which legally could be considered in this case. The plaintiffs are to be restricted to the claim set out. *Babcock* v. *Thompson*, 3 Pick. 448. If this be correct, it becomes unimportant to consider, whether the defendant has or has not made himself liable by any special promise, and equally so to consider, whether he has received money which in equity and good conscience should be paid to the plaintiffs. There is but one charge, which in substance is, that the defendant was liable as an original contractor.

But the defendant is not liable, because the plaintiffs have not performed their contract.

The plaintiffs never had any lien upon the logs, and there is no proof whatever in the case, that he had. And what is said to have been a lien was abandoned. If possession is

surrendered, the lien is gone. 8 Pick. 73 ; 24 Maine R. 214 ; Story on Agency, (2d Ed.) § 366, 371.

If the plaintiffs were entitled to go into evidence under the money count, they could not recover. They never owned the lumber, and had no lien upon it.

The defendant never had any money in his hands, beyond what he was entitled to retain as his own.

The counsel examined the evidence, and gave his views as to what facts were proved.

The opinion of the Court, WELLS J. taking no part in the decision, having been of counsel for the defendant, was drawn up by

WHITMAN C. J. — This case was taken from the jury by consent of parties, and a report made of the evidence by the presiding Judge; and we are called upon to ascertain the facts and to determine whether the plaintiffs are entitled to recover or not. And the cause has been elaborately argued both as to the law and facts of the case.

The defendant now insists upon an objection, which does not appear to have been taken at the trial, viz, that the plaintiffs' specification was incomplete, so that they cannot recover upon their count for money had and received. If this were the only ground upon which the plaintiffs could recover, the cause should not have been suffered to proceed, without the express or tacit consent of the defendant. But as no objection was made at the trial to the plaintiffs' proceeding under their count for money had and received, the defendant must be held to have assented thereto.

The plaintiffs declare against the defendant, upon a contract as implied by law, for services performed ; and also for money had and received. As to the first count, it is evident that they cannot recover upon that. The services, for which their charge is made, were performed under a special contract, and for a person other than the defendant. It is not pretended that the defendant had any connection with the transactions, out of which the claim of the plaintiffs originated, till

more than a year after the services were performed. If, there-fore, the defendant is under any liability, in reference thereto, it must be under a promise to pay the debt of another person ; or for money had and received to the plaintiffs' use. But there is no count in the plaintiffs' writ upon any promise to pay the debt of another person, and, therefore, they cannot recover upon that ground. And if there were any such count, on looking through the evidence, it is not perceived that any such promise was made. It is true that the defendant often speaks in his letters to the plaintiffs and to their agent, of their claim for services performed, in cutting and hauling tim-ber, of which he had taken possession ; and of his willingness that they should have their pay out of the proceeds from it ; and often expresses his determination that they should be so paid. But he nowhere promises to pay them from his other resources. In one instance, however, he expresses a willing-ness to do so from his other resources, if he could ; but this was far from making an absolute promise so to make payment.

The claim of the plaintiffs, under their count for money had and received, might be sustained, if there were evidence that the defendant was in funds from the sales of the timber; for he evidently took charge of it under an understanding that he should, with the proceeds from it, first pay the claim of the plaintiffs. His letters, above referred to, abundantly show this to have been the case. And the testimony of the witness, Webb, is to the same effect.

The case, however, as reported, does not furnish satisfactory evidence, that the defendant has received any money for the timber. The testimony of Webb, that the defendant received any portion of the five thousand and eighty-two dollars, con-tracted to be paid to James Irish, by the Bowdoinham Steam Mill Company, is manifestly erroneous. Irish's deposition, re-ferred to in the argument of the counsel for the defendants, shows that the defendant never received any portion of that sum ; and Webb himself says he did not see it paid to him. And it is equally evident that Webb was mistaken in saying that six thousand dollars were paid by that company ; and that

three thousand of it was paid to the defendant. It was not proved, that the defendant was in funds from the sale of timber cut by the plaintiffs, to any one else. The sale spoken of by Webb to Williams & Co. it seems from Williams' testimony, cited by the defendant's counsel, was not of lumber cut by the plaintiffs; and this is not controverted by the counsel for the plaintiffs in his argument. And the testimony of Webb, that the defendant told him he had sold some of the lumber to Humphreys, on cross-examination, was corrected, by testifying, that it was Humphreys who told him he had purchased some of the timber; and this was properly objected to as not being evidence of any such sale. It appears further, from the testimony of Webb, that the defendant had advanced, towards the cost of getting the timber down to Cathance, the sum of three hundred dollars. It does not therefore appear that the defendant is in funds to any amount on account of the timber cut by the plaintiffs, who must therefore, become nonsuit.